UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE LEATHERS

    Plaintiff,

    v.

FED EX,

    Defendant.

Case No. 1:25-cv-390
Cole, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On June 12, 2025, Plaintiff George Leathers filed a motion seeking leave to proceed in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.

1

*Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Analysis of Complaint

The undersigned now recommends sua sponte dismissal of Plaintiff's case without prejudice for lack of federal subject matter jurisdiction.

Plaintiff's complaint has been filed on a standard form used by pro se litigants which includes a query asking the litigant to identify the basis for this Court's subject matter jurisdiction. Plaintiff has left the question blank, and the body of his complaint does not otherwise identify any basis for the jurisdiction of this Court. Only on an accompanying civil cover sheet does Plaintiff state that he is filing a "civil rights" suit under "Federal Question" jurisdiction. (Doc. 1-2). Based on the cover sheet, the Clerk of Court construed and docketed the complaint as seeking relief under 42 U.S.C. § 1981, a federal civil rights statute that generally prohibits intentional racial discrimination by both public and private actors.

In his "Statement of Claim," Plaintiff generally alleges that he was anticipating delivery of a Fed Ex package valued at $14,372.60, for which a signature was required. (Doc. 1-1, PageID 6). He does not identify the contents or nature of the package other than its asserted value. Plaintiff next alleges that on a date in April 2025 when Plaintiff was at work, an unidentified person signed Plaintiff's name and took Plaintiff's package. (*Id*.) The undersigned infers that the valuable package was eventually located and

3

returned to Plaintiff, because Plaintiff further alleges that "it took 47 days to get my package." (*Id.*) Plaintiff seeks monetary damages from Fed Ex for the delay in the amount of $675,512.20. He explains that he has calculated that sum by multiplying the number of days that delivery was delayed (47) by the total value of the package. (*Id.*, at PageID 6-7.) Plaintiff does not identify the basis of any legal theory of recovery.

Plaintiff's bare-bones and cursory allegations are insufficient to make out the elements of any claim under 42 U.S.C. § 1981 or any other federal law. *See generally Rachel v. U-Haul*, No. 1:17-cv-566-TSB-SKB, 2017 WL 4993434, at *3 (S.D. Ohio, Sept. 1, 2017), report and recommendation adopted at 2017 WL 5009864 (Oct. 30, 2017); *see also Rachel v. United Dairy Farmers*, Case No. 1:12-cv-575-SAS-SKB, 2012 WL 6771836 (S.D. Ohio Nov. 13, 2012) (explaining why cursory allegations failed to state § 1981 claim), report and recommendation adopted 2013 WL 65223 (S.D. Ohio Jan. 4, 2013). Therefore, federal question jurisdiction does not appear to exist under 28 U.S.C. § 1331. *See Simmons v. Webb*, No. 1:20-cv-20-TSB-SKB, 2020 WL 240811, at *2 (S.D. Ohio Jan. 16, 2020) (dismissing, with prejudice, plaintiff's claim for monetary damages for misdelivered "packages" for lack of federal jurisdiction and for failure to state any claim under § 1915(e)(2)), report and recommendation adopted at 2020 WL 2216947 (S.D. Ohio May 7, 2020).

To the extent that Plaintiff's allegations support the existence of *any* possible claim against the Defendant Fed Ex for the delayed delivery of his package, his claim is presumed to arise under state law. But this Court exercises jurisdiction over state law claims only under diversity jurisdiction, which Plaintiff has not invoked. *See* 28 U.S.C. § 1332. In pertinent part, the diversity jurisdiction statute states that "[t]he district courts

shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1).

Hypothetically, to the extent that Plaintiff *intended* to invoke diversity jurisdiction despite failing to state that anywhere on the civil cover sheet or in his complaint, his citizenship (Ohio) appears to differ from that of Fed Ex, which he identifies as having a Tennessee address. And Plaintiff has alleged monetary damages far in excess of $75,000, facially satisfying the prerequisites for diversity jurisdiction. Nevertheless, based on the plausibility standard, the undersigned rejects Plaintiff's allegation of damages in excess of the jurisdictional threshold.

> [N]otwithstanding Plaintiff's assertions of damages in exceed of $75,000, "it is apparent, to a legal certainty, that [Plaintiff] cannot recover the [jurisdictional] amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); see *Mosley v. Equifax, Inc.*, No. 19-11226, 2019 WL 2539349, at *1 (E.D. Mich. Jun. 20, 2019) (saying that the "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction") (quoting *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967)).

*Schroeder v. Schroeder*, No. 22-cv-11509, 2022 WL 3582483, at *2 (E.D. Mich. Aug. 19, 2022); see also *Jackson v. Equifax, Inc.*, No. 5:20-cv-401, 2020 WL 1493862 (N.D. Ohio Mar. 27, 2020).

In *Schroeder*, the court dismissed a plaintiff's claim of diversity jurisdiction based on case authority that supports the rejection of "purely speculative" claims for monetary damages. In addition, the court noted that the legal theory under which plaintiff sought to recover damages did not plausibly support such recovery. *Id*. at *3. Here, Plaintiff has not identified *any* legal theory at all for recovery against Fed Ex for the delay in receipt of his package. The only individual identified as a wrongdoer is the unknown tortfeasor who

5

allegedly provided the delivery service with false identification, but that individual is not named as a defendant. *See also, generally, Zirin Lab'ys Int'l, Inc. v. Mead-Johnson & Co.*, 208 F. Supp. 633, 635 (E.D. Mich. 1962) ("[I]t is well-established that a plaintiff is not entitled to an award of damages unless both the fact of damage and the amount of damage are established with reasonable certainty; neither may properly be based upon mere speculation, guess, or conjecture.") (citing *Keogh v. Chicago & Northwestern R. Co.*, 260 U.S. 156, 164 (1922); *Story Parchment Co. v. Paterson Co.*, 282 U.S. 555, 563 (1931)); *see Davis v. Equifax, Inc.*, No. 5:20-CV-361, 2020 WL 1493857, at *3 (N.D. Ohio Mar. 27, 2020) (dismissing the complaint that alleged unspecified, speculative, and immeasurable damages) (citing cases).

In sum, under the screening authority of § 1915(e)(2) as well as under Fed. R. Civ. P. 12(h)(3), the undersigned recommends dismissal of Plaintiff's complaint for lack of subject matter jurisdiction as well as for failure to state any plausible claim. *See Howard v. Good Samaritan Hospital*, 21-cv-160-DRC-KLL, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) ("[T]he vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject matter jurisdiction.)

6

### III. Conclusion and Recommendation

Based on a complete lack of subject matter jurisdiction, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice**, and that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

GEORGE LEATHERS

      Plaintiff,

  v.

FED EX,

      Defendant.

Case No. 1:25-cv-390
Cole, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).