## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**GEORGE LEATHERS,**

**Plaintiff,**

**v.**

Case No. 1:25-cv-390

**JUDGE DOUGLAS R. COLE**

**FED EX,**

**Magistrate Judge Bowman**

**Defendant.**

### ORDER

Magistrate Judge Bowman's June 17, 2025, Report and Recommendation (R&R, Doc. 4) recommends that the Court dismiss Plaintiff George Leathers' Complaint (Doc. 3) without prejudice. For the reasons discussed below, the Court agrees. The Court therefore **ADOPTS** the R&R (Doc. 4) and **DISMISSES** Leathers' Complaint (Doc. 3) **WITHOUT PREJUDICE**.

On June 12, 2025, Leathers, proceeding pro se, moved for leave to file his Complaint in forma pauperis (IFP). (Doc. 1). The Magistrate Judge conditionally granted that motion, (Doc. 2), and Leathers' Complaint was filed the same day, (Doc. 3). Leathers' Complaint centers around a FedEx package whose contents, he says, were valued at $14,372.60. (Doc. 3, #20, 23). He claims that the package was shipped in such a manner that the delivery driver was to verify the recipient's identity and obtain a signature before delivery. (*See id.* at #20). But, much to Leathers' chagrin, an unidentified person apparently signed for, and received, his package while he was at work. (*Id.*). All that said, it seems that Leathers eventually received the package.

(*See id.* ("It took 47 days to get my package.")). Nonetheless, Leathers is now suing FedEx for $675,512.20 in damages; he arrived at that figure by multiplying the number of days he had to wait for his package (47) times the claimed value of the package ($14,372.60). (*Id.* at #20–21).

The Magistrate Judge sua sponte screened Leathers' Complaint under 28 U.S.C. § 1915(e) and recommends the Court dismiss the Complaint without prejudice "for lack of subject matter jurisdiction as well as for failure to state any plausible claim." (Doc. 4, #31–32). On the jurisdictional front, even after liberally construing the Complaint, the Magistrate Judge concluded that the Court did not have federal question jurisdiction under 28 U.S.C. § 1331, and that there was no basis for diversity jurisdiction under 28 U.S.C. § 1332 either. (*Id.* at #29–31). And as for Leathers' failure to state a claim, the Magistrate Judge noted that his "bare-bones and cursory allegations are insufficient to make out the elements of any claim under 42 U.S.C. § 1981 or any other federal law." (*Id.* at #29). The underlying problem on all these fronts largely stems from a single issue—as the R&R noted, Leathers "has not identified *any* legal theory at all for recovery against Fed Ex for the delay in receipt of his package." (*Id.* at #30).

The R&R further notified all parties that failing to object within fourteen days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*Id.* at #33); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v.*

*Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture" (emphasis omitted)); 28 U.S.C. § 636(b)(1)(C). That deadline has passed and no party objected. In the absence of objections, the Court reviews the R&R only for clear error. *See* Fed. R. Civ. P. 72(b) (advisory committee notes) (noting that "the court need only satisfy itself that there is no clear error on the face of the [R&R]"); *see also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Magistrate Judge did not err here, much less clearly err. Sua sponte dismissals under § 1915(e) are governed by the same standards that apply to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under that standard, a "complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making that determination, the Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up). But that does not mean the Court must take everything Leathers alleges at face value, no matter how unsupported. The Court may disregard "naked assertions" of fact, legal conclusions, or "formulaic recitation[s] of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). And, on the jurisdictional front, as the R&R noted, "the vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes the ability to screen for

lack of subject matter jurisdiction." *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022)).

Applying that screening standard here, the R&R correctly assessed that dismissal is warranted for two independent reasons. First, Leathers fails to state a claim—he has alleged no facts and puts forth no theory for holding FedEx liable. True, as the Magistrate Judge observed, "the Clerk of Court construed and docketed the [C]omplaint as seeking relief under 42 U.S.C. § 1981." (Doc. 4, #28). But that was largely because Leathers checked boxes on his civil cover sheet asserting "Federal Question" jurisdiction based on "other civil rights" that Leathers never identified. (*See* Doc. 3-1, #24). And his "bare-bones and cursory allegations" simply do not state a claim for relief "under 42 U.S.C. § 1981 or any other federal law." (Doc. 4, #29). In reality, as the R&R noted, Leathers failed to identify any viable legal theory that warrants recovery against Fed Ex. (*Id.* at #30). In other words, Leathers' allegations do not create a plausible inference that he has a right to recovery. *See Iqbal*, 556 U.S. at 678.

Second, and relatedly, Leathers' abject failure to identify any legal theory also means that jurisdiction is lacking. In order for jurisdiction to arise under 28 U.S.C. § 1331, a plaintiff must raise a substantial federal question. Leathers has not done so. His § 1981 claim, if that is what he is trying to raise, does not even come close. Raising a federal question requires a litigant to do more than check a box on a form identifying a federal statute. They must provide at least some facts that somehow

suggest that they may indeed have a claim under that statute. Leathers presents no such facts here.

That leaves diversity. To create diversity jurisdiction, Leathers must plausibly allege both (1) that diversity of citizenship is present, and (2) that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Even assuming he can meet the first, he has not satisfied the second. True, taken at face value, his damages assessment more than meets the amount-in-controversy requirement. But for the amount to be "in controversy," there must be at least some potential state-law legal theory under which he could recover it. But as the Magistrate Judge noted, he lacks any such theory here. (*See* Doc. 4, #30). So diversity jurisdiction is lacking, as well.

In short, the Court **ADOPTS** the R&R (Doc. 4) and **DISMISSES** Leathers' Complaint (Doc. 3) **WITHOUT PREJUDICE**, both under Rule 12(b)(1) and Rule 12(b)(6). Accordingly, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** the matter on the docket. Beyond that, the Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Leathers leave to appeal IFP. But as a non-prisoner, Leathers may nonetheless apply directly to the Sixth Circuit Court of Appeals for leave to proceed IFP in that court. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024).

**SO ORDERED.**

July 16, 2025
_____                    _____
**DATE**                                         **DOUGLAS R. COLE**
                                                 **UNITED STATES DISTRICT JUDGE**